### BARROTT v. PULLMAN'S PALACE CAR CO.

*(Circuit Court, N. D. New York. June 22, 1892.)*

SLEEPING CAR COMPANY—LIABILITY FOR LOSS OF MONEY.

A sleeping car company is bound to use reasonable care to protect only so much money carried by a passenger as is necessary and appropriate, in view of his circumstances and condition in life, for his wants and comforts during his contemplated journey, and is not liable if a sum of money carried for another purpose is stolen from him through the negligence of its servants, provided no special circumstances exist which impose on it a peculiar duty with reference to such money.

At Law. Action by Ammial W. Barrott against Pullman's Palace Car Company to recover for certain moneys lost while on a sleeper. Verdict for defendant directed.

Upon the trial of this case before WALLACE, Circuit Judge, and a jury, it appeared, by testimony offered for the plaintiff, that while plaintiff was occupying a berth in one of the sleeping coaches of the defendant, as a passenger upon the Delaware & Lackawanna Railroad Company on a trip from Hoboken to Binghamton, in the state of New York, the sum of $4,114, belonging to him, was stolen from the berth. The evidence tended to show that he had procured this money at Hoboken for the purpose of buying cattle in the vicinity of Owego, where he resided, and where it was impracticable to obtain currency except in small sums; that he inclosed the money in an envelope which he carried in an inside pocket of his vest adapted for the purpose; that he and a companion occupied together a lower berth in the coach, the plaintiff sleeping at the

side near the aisle; that when he retired at night he placed his vest under the pillow of his bed; and that in the morning, when he arose to dress, the vest and the money were gone, and could not be found by the defendant's employes, although diligent search was immediately made. The plaintiff testified, among other things, that when he started upon the trip from Hoboken he put some $35 or $40 in his pocketbook for use upon the journey home, and the money thus carried was not disturbed. The theory of the action was that the plaintiff's money was stolen by some person who was enabled to accomplish the theft through the negligence of the defendant.

*Frank A. Darrow* and *Alexander Cumming*, for plaintiff.

*Alexander & Green* and *Allan McCulloh*, for defendant.

WALLACE, Circuit Judge, (*charging jury.*)  It is my duty to instruct you that the plaintiff is not to have a verdict, upon any theory of the facts, for the loss of any money which he was not carrying as a passenger for the purposes of his journey.  The defendant, as a sleeping car company, was not a common carrier or an insurer.  By accepting compensation for furnishing sleeping accommodations to the plaintiff, the defendant assumed the obligation to exercise reasonable care to protect from loss or injury all such property as plaintiff was entitled to carry with him as a passenger.  Every traveler, by railroad or other conveyance, is entitled to carry with him such a sum of money as is reasonably appropriate, in view of his circumstances and condition in life, to provide for his wants and comfort during his contemplated journey.  If it is lost, or any part of it, while in any sense within the custody of the sleeping car company, by the negligence of the officers and servants of the company, and without contributing negligence on the part of the passenger, the sleeping car company is liable.  If the passenger chooses to carry any other money, he does so at his own risk, unless some special circumstances exist to impose some peculiar duty upon the company.  No such special circumstances have been shown in this case.  The circumstance that the plaintiff had put aside for the expenses of his trip the money which he carried in his pocketbook indicates quite cogently what sum he himself considered as adequate for his needs; and, if you conclude that this was all the money he was entitled to carry for his traveling expenses, he has sustained no loss for which the defendant is responsible, and the defendant should have a verdict.